# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| MiNT INTERNATIONAL, | No. 4-02-bk-05905-JMM |
| Debtor. | Adv. No. 4-04-ap-00124-JMM |
| MiNT INTERNATIONAL, INC.,[1] | **MEMORANDUM DECISION** |
| Plaintiff, | |
| vs. | |
| SOLANA CAPITAL PARTNERS, INC.; et al., | |
| Defendants. | |

## PROCEDURE

On January 25, 2005, an amended complaint was filed herein. The following parties have moved to dismiss the complaint on jurisdictional grounds and for abstention, change of venue, and jury trial:

>Torrey Pines Securities, Inc.
>
>Solana Capital Partners, Inc.
>
>Solana Venture Group
>
>Luke D'Angelo
>
>Cindy D'Angelo
>
>James Cavataio
>
>Jeffrey Malotte

Leonard Velis and Debra Velis aka Debra M. Barbato (*pro se* defendants) also moved to dismiss.

---

[1] The real party in interest is the chapter 7 Trustee, who had special counsel appointed to conduct this litigation on his behalf.

A hearing on the motion was held on April 26, 2005.

**DISCUSSION**

1. **Jurisdiction**

The plaintiff is the chapter 7 Trustee. He is asserting the legal rights of the Debtor. His complaint sounds entirely in matters of California state law. The legal theories which are presented do not set forth a basis for the invocation of this court's "core" jurisdiction. *See* 28 U.S.C. §§ 157(b); 1334.

Therefore, all of the plaintiff's claims are "non-core" or "related to" matters. A bankruptcy court, however, still has jurisdiction over such claims if their adjudication will have an effect on the administration of the bankruptcy proceedings. *In re Fietz*, 852 F.2d 455 (9th Cir. 1988). A bankruptcy trustee is charged with the responsibility to expeditiously collect and liquidate property of the estate, 11 U.S.C. § 704(1), and a legal cause of action is included within the Code's definition of "property," 11 U.S.C. § 541(a)(1). *See, e.g., In re Segerstrom*, 247 F.3d 218 (5th Cir. 2001) (legal malpractice cause of action included as party of estate); *In re Wheeler*, 137 F.3d 279 (5th Cir. 1998) (same).

Non-core matters are synonymous with "related" proceedings. *See Harris Pine Mills*, 44 F.3d 1431, 1456 (9th Cir. 1995). Non-core matters, such as state law claims, may be heard by a bankruptcy judge.

An action is "related to" a bankruptcy case "if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy," such as altering the debtor's rights, liabilities, options, or freedoms of action (either positively or negatively) in such a way as to impact on the administration of the bankruptcy estate. *Fietz v. Great W. Sav. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting the position of the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

h:\wp\orders\mint

2

Case 4:04-ap-00124-JMM    Doc 36    Filed 05/03/05    Entered 05/04/05 10:12:33    Desc
Main Document    Page 2 of 7

The impact of this litigation on the administration of Debtor's chapter 7 bankruptcy case could, if successful, create monetary assets for creditors. Any recovery by the Trustee would thus increase the chapter 7 estate. Therefore, the action is related to the bankruptcy case for purposes of establishing the bankruptcy court's jurisdiction.

Thus, the bankruptcy court, through its referral of jurisdiction from the district court, has jurisdiction over this matter.

2.  **Abstention**

Next, the defending parties seek either mandatory or permissive abstention from this court's hearing the matters contained in this lawsuit. While there is no doubt that the Trustee could have initially filed the case in a state court, the issue is whether abstention is appropriate.

The defending parties here have invoked 28 U.S.C. § 1334(c) for support of their argument that this court should abstain from hearing this matter.

However, as the Ninth Circuit held in *Security Farms v. International Brotherhood of Teamsteamers, et al.*, 124 F3d 1000 (9th Cir. 1997), abstention applies only in cases where another proceeding is pending. Here, because no other state or federal court proceeding is pending, this court has nothing to "abstain from," and no place to send the case to, should it grant the motion.

Therefore, the motion to abstain will be denied.

3.  **Venue**

The next issue concerns venue. The defending parties maintain that all significant contacts between the parties occurred in California; that most of the necessary witnesses reside in California; that

most if not all of the physical evidence is located in California; and that the applicable law is that of the State of California.

However, 28 U.S.C. § 1409(a) provides that, but for limited exceptions not applicable to this case, a "related to" case may be commenced in the district court in which such case is pending. Thus, venue is properly established in the bankruptcy court (as a unit of the U.S. District Court) in the District of Arizona, and the original filing of the case here was not improper.

However, the court may transfer venue for the convenience of the court and the various parties if it believes the transfer to be in the interests of justice. 28 U.S.C. § 1404. This argument has merit. The court believes that this adversary proceeding should be transferred to the U.S. Bankruptcy Court for the Southern District of California.[2]

4. **Jury Trial**

The defending parties assert that they desire a jury trial, but not one presided over by the bankruptcy court. This tactical desire is not a jurisdictional impediment to this court's ability to decide the case, nor is it, standing alone, a ground for dismissal under Rule 12(b).

Both parties appear to desire a jury. Yet the defendants urge the court to only allow a jury trial to occur in state court. The defendants can have a jury trial, but only on the basis that the statute allows. The jurisdictional statute, 28 U.S.C. § 157(e) authorizes a bankruptcy judge to conduct a jury trial, provided that all parties expressly consent and the district court specially designates the bankruptcy court to do so. The plaintiff has noted, at oral argument, that it has no objection to a jury trial. The defendants also appear to desire a jury. All that is left for the parties is for them to ask this court to seek approval from the district court, and a jury trial may be had.

---

[2] In order to expedite resolution of this matter, if the circuit authorizes it, the assigned judge will hear the matter in California. Trial may be had this summer, if the Southern District of California can provide a courtroom, and if the parties can be prepared.

h:\wp\orders\mint

4

1 | The defendants have the sole power to obtain a jury if they so desire (and should the
2 | district court approve). However, that jury trial will occur before the bankruptcy court,
3 | *Granfinanciera, S.A. v. Nordberg*, 109 S.Ct. 2782 (1989), unless the district court, on motion,
4 | withdraws the reference. 28 U.S.C. § 157(d). In that event, this adversary proceeding will be
5 | transferred to the district court.

## CONCLUSION

A separate order will be entered which:

1. Denies the motions to dismiss for lack of subject matter jurisdiction;
2. Denies the motions to abstain;
3. Grants the motions for jury trial, provided the parties expressly consent thereto in writing, and seek special designation (through a request made to this court) from the U.S. District Court of Arizona; and
4. Grants a change of venue to the U.S. Bankruptcy Court for the Southern District of California.

DATED: May 3, 2005.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

h:\wp\orders\mint

Case 4:04-ap-00124-JMM   Doc 36   Filed 05/03/05   Entered 05/04/05 10:12:33   Desc
Main Document    Page 5 of 7

| | |
|---|---|
| 1 | COPIES served as indicated below this 3rd day of May, 2005, upon: |
| 2 | |
| 3 | John A. Baade<br>325 W. Franklin St., Suite 123<br>Tucson, AZ 85701 |
| 4 | Email jabaade@dakotacom.net<br>Attorney for Plaintiff |
| 5 | |
| 6 | Terrence A. Jackson<br>1670 E. River Rd., Suite 200<br>Tucson, AZ 85718 |
| 7 | Email tjack@dakotacom.net<br>Attorney for Plaintiff |
| 8 | |
| 9 | Lindsay E. Brew<br>Haralson Miller Pitt Feldman & McAnally PLC<br>One South Church Avenue, Suite 900 |
| 10 | Tucson, AZ 85701<br>Email lbrew@hmpmlaw.com |
| 11 | Attorneys for Solana Capital Partners, Inc.,<br>Solana Venture Group, Luke D'Angelo, |
| 12 | Cindy D'Angelo, James Cavataio, and Jeffrey T. Malotte |
| 13 | Leonard Velis<br>Debra Velis |
| 14 | 1513 Calle Narcisos<br>Encinitas, CA 92024 |
| 15 | U.S. Mail |
| 16 | Michael M. Neal<br>110 S. Church Ave., #4298 |
| 17 | Tucson, AZ 85701<br>Email: mmnealpc@qwest.net |
| 18 | Attorney for Trustee |
| 19 | Stanley J. Kartchner<br>7090 N. Oracle Rd., #178-204 |
| 20 | Tucson, AZ 85704<br>Email statebar@kartchner.bz |
| 21 | Trustee |
| 22 | Matthew R.K. Waterman<br>Waterman & Waterman, P.C. |
| 23 | 33 North Stone Avenue, Suite 2020<br>Tucson, AZ 85701 |
| 24 | Email mrkw@watermanlaw.com<br>Attorneys for Debtor |
| 25 | |
| 26 | |

h:\wp\orders\mint

6

| | |
|---|---|
| 1 | Frederick J. Peterson<br>Mesch, Clark & Rothschild, P.C. |
| 2 | 259 N. Meyer Ave.<br>Tucson, AZ 85701 |
| 3 | Attorneys for Torrey Pines Securities, Inc.<br>Email ecfbk@mcrazlaw.com |
| 4 | |
| 5 | Office of the United States Trustee<br>230 North First Avenue, Suite 204 |
| 6 | Phoenix, AZ 85003-1706<br>U.S. Mail |
| 7 | |
| 8 | By _MB Thompson_<br>    Judicial Assistant |
| 9 | |

h:\wp\orders\mint